S. LANE TUCKER
United States Attorney

ADAM ALEXANDER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: adam.alexander@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 3:19-cr-00058-SLG-MMS |
|---|---|
| Plaintiff, | |
| vs. | |
| DENALI BREHMER, | |
| Defendant. | |

**SENTENCING MEMORANDUM**

The United States recommends imposition of the following sentence:

**INCARCERATION.................360 MONTHS (LESS 57 MONTH ADJUSTMENT)**
**SUPERVISED RELEASE...............................................................................LIFE**
**SPECIAL ASSESSMENT............................................................................$100**
**RESTITUTION ................................................................TO BE DETERMINED**
**FINE.......................................................................................................NONE**

### I.   Introduction

In the course of a short-lived internet acquaintance, defendant Brehmer conspired to murder one victim and sexually exploit others. She has been sentenced by the State of

Alaska to the maximum 99-year term in the latter case and is now before this court for sentencing in the former. The United States recommends the maximum term of 360 months' incarceration, adjusted by 57 months to give the defendant credit for the time she has served in primary state custody since her arrest for an effective sentence of 303 months from March 4, 2024. This recommendation is joined by the defense, and both parties are recommending primary federal custody and placement for the term of the defendant's incarceration in this matter.

## II. Facts and Procedural History

Defendant Denali Brehmer and her co-defendant Darin Schilmiller conspired to murder C.H, a vulnerable youth. Brehmer and another individual drove C.H. to Thunderbird Falls, shot her in the back of the head and rolled her body into the river. Brehmer sent Schilmiller videos of the victim while she was alive and photos of her killing. Brehmer and Schilmiller have both been sentenced to maximum 99-year terms of incarceration for that conduct. In the course of the homicide conspiracy and following the murder of C.H. the co-defendants also conspired to exploit MINOR VICTIM 1 (as charged in the indictment) to produce sexually explicit imagery the two exchanged as charged in count one of the Indictment.

Given the offense conduct, the United States respectfully submits that the primary considerations for the court pursuant to 18 U.S.C. § 3553(a) are the need for the sentence imposed to protect the public from further crimes of the defendant and reflect the seriousness of the offense.

//

*U.S. v. Brehmer*
3:19-cr-00058-SLG-MMS                Page 2 of 6
Case 3:19-cr-00058-SLG-MMS   Document 175   Filed 02/26/24   Page 2 of 6

### a. Nature and Circumstances of the Offense

As detailed in the final Pre-Sentence Report at docket 172 (PSR), defendant Brehmer struck up an acquaintance with defendant Schilmiller sometime in May, 2019. PSR ¶ 7. That relationship led to the murder of C.H on or about June 2, 2019. PSR ¶ 9. In the intervening period, defendant Brehmer conspired with defendant Schilmiller to sexually exploit Minor Victim 1 (as identified in the PSR), Brehmer's 8- or 9-year-old sister along with Minor Victim 2 (charged as MV1 in the indictment), her 15-year-old friend.

When questioned after the murder, Brehmer ultimately admitted to choosing CH as the murder victim. PSR ¶ 20. Subsequent forensic analysis of Brehmer's cell phone revealed a video created by Brehmer on the date of the murder showing CH on her knees prior to being murdered. PSR ¶ 23. Following the murder, defendant Brehmer admitted to burning the victim's belongings. PSR ¶ 11. The co-defendants were in contact throughout the homicide and sexual exploitation charged in this matter, and defendant Schilmiller subsequently admitted to getting a "rush" out of hearing CH struggle and cry for help prior to being killed by defendant Brehmer and another individual. PSR ¶ 31. Similarly, the co-defendants were in constant communication regarding their contemporaneous sexual exploitation of Brehmer's sister and MV1 (as charged in the indictment). PSR ¶ 24-28.

### b. History and Characteristics of the Defendant

Defendant has had a troubled life; abandoned by her biological mother and neglected by her foster parents. PSR ¶ 58. She left foster care at a young age and was

*U.S. v. Brehmer*
3:19-cr-00058-SLG-MMS         Page 3 of 6
Case 3:19-cr-00058-SLG-MMS   Document 175   Filed 02/26/24   Page 3 of 6

effectively homeless at the time she murdered C.H. and sexually exploited the charged victim in this matter. PSR ¶ 62. According to the disclosure of the draft pre-sentence report, the defense further reported that the defendant has a "history of suicidal ideations, self-harm, and suicide attempts." PSR ¶ 72a. The United States has no reason to doubt those characterizations, nor grounds to minimize the difficult nature of the defendant's childhood.

### III. Sentencing Recommendation

Given the inextricably intertwined factual basis for the offense conduct in this matter involving MINOR VICTIM 1 and the murder of C.H., the parties have stipulated the homicide is relevant conduct for the purposes of sentencing in this matter pursuant to U.S.S.G. §§ 1B1.3(a) and 5G1.3(b) and are jointly recommending a maximum sentence of 360 months adjusted to a term of imprisonment of 303 months to reflect the 57 months defendant Brehmer has spent in primary state custody prior to sentencing in this matter for an effective sentence of 303 months from sentencing on March 4, 2024 followed by a life term of supervised release, to be served concurrent to the 99-year sentence imposed for the homicide in 3AN-19-05725. This jointly recommended substantively reasonable above-guideline variance is supported by the law of our Circuit and necessitated by the offense conduct.

"[I]t is both important and legally necessary under 18 U.S.C. § 3553(a) and under Booker that the district court conduct parallel analyses – first employing the Guidelines, and then considering non-guideline sentencing factors under § 3553(a)." United States v. Mix, 457 F.3d 906, 913 (9th Cir. 2006). "Where, as here, the district court determines that


*U.S. v. Brehmer*
3:19-cr-00058-SLG-MMS                Page 4 of 6
Case 3:19-cr-00058-SLG-MMS   Document 175   Filed 02/26/24   Page 4 of 6

the Guidelines do not adequately take account of the § 3553(a) sentencing factors, the district court, may, in furtherance of *Booker*, impose a sentence outside and apart from the Guidelines." Id. Such a variance is appropriate here where "given the uncontested history and characteristics of this defendant . . . the desire to protect the public was of paramount concern." United States v. Vanderwerfhorst, 576 F.3d 929, 935 (9th Cir. 2009).

IV. **Conclusion**

The uncontested facts of this matter present exceptionally rare justification for the imposition of a maximum term of incarceration. Despite the mitigating factors relating to her troubled childhood (factors unfortunately altogether too common in our community), the defendant's depraved enthusiasm for both sadistic killing and child sexual exploitation present an unacceptable risk to the public. Defendants in this case conspired remotely, and over the course of less than a month, to murder C.H. and sexually abuse MINOR VICTIM 1 as charged in the indictment. As stated in the PSR, defendant Brehmer could have just as easily killed MV1 – the choice of victims was hers, and it is her perverse whimsy that resulted in the horrific death of C.H. and exploitation of MV1. That choice, based on an online relationship measured in weeks and premised on a fantasy of murder for hire and sexual assault, was premeditated, deliberate, and shockingly indifferent. Juvenile homicides in our community are not as rare as they should be but are generally committed in the heat of passion. The cold-bloodedness of defendant Brehmer's offense conduct stands in stark contrast to what is considered to be the norm of impetuous criminal conduct committed by youthful offenders, and as a result, she presents as a far greater risk to public safety, as reflected in the 99-year term of imprisonment imposed in her state matter. The

court here should have no reservations in imposing a maximum term, to be served concurrently, in this matter as well.

      RESPECTFULLY SUBMITTED February 26, 2024 at Anchorage, Alaska.

      S. LANE TUCKER
      United States Attorney

      /s *Adam Alexander*
      ADAM ALEXANDER
      Assistant United States Attorney
      United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s *Adam Alexander*

*U.S. v. Brehmer*
3:19-cr-00058-SLG-MMS     Page 6 of 6
Case 3:19-cr-00058-SLG-MMS   Document 175   Filed 02/26/24   Page 6 of 6